UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN W. MISHAK,** | ) | **CASE NO. 5:09CV351** |
| | ) | |
| Plaintiff, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **AKRON PUBLIC SCHOOLS,** | ) | |
| | ) | |
| Defendant. | ) | |

This Memorandum Opinion and Order arises out of the Rule 12(b)(6) motion to dismiss the complaint (Doc. No. 8) filed by Defendant Akron Public Schools ("APS"). Plaintiff John Mishak ("Mishak") has filed an opposition (Doc. No. 10), and APS has filed a reply (Doc. No. 12). For the reasons that follow, APS's motion is **GRANTED**; however, Mishak may file an amended complaint on or before August 14, 2009.

**I. FACTUAL AND PROCEDURAL HISTORY**

Mishak alleges that he was hired by APS on or about September 25, 2000, and that he inquired as to the procedure for requesting FMLA leave on or about February 13, 2007. (Compl. ¶¶ 5-6.) The remaining allegations of Mishak's complaint are as follows:

> 7. Plaintiff met the necessary requirements and was eligible for FMLA leave as of February 13, 2007.
>
> 8. On or about February 13, 2007, Plaintiff officially requested FMLA [Family and Medical Leave Act] leave for the period beginning February 17, 2008.
>
> 9. Plaintiff followed the proper procedures when requesting FMLA leave.
>
> 10. Plaintiff worked the requisite number of hours within the preceding twelve (12) months, prior to the request date, to qualify for FMLA leave.
>
> 11. Plaintiff was an "eligible employee" pursuant to the FMLA.
>
> 12. Defendant is a Public Agency and, all times relevant [sic], a covered "employer" pursuant to the FMLA.

> 13. Plaintiff was eligible to receive FMLA leave for the period beginning February 17, 2007, and ending on May 17, 2007.
>
> 14. Plaintiff's rights the FMLA [sic] were violated on or about February 19, 2007, when Plaintiff received a letter from the Defendant (dated February 16, 2007) denying his FMLA request.

(Compl. ¶¶ 7-14.) APS filed a motion to dismiss, arguing that Mishak failed to sufficiently plead facts indicating (1) that he worked at least 1,250 hours within the previous twelve months, as required for FMLA eligibility, or (2) any basis that would make him eligible for FMLA leave. Mishak filed an opposition arguing that his complaint was sufficient or, in the alternative, that he should be allowed to amend his complaint either as a matter of course or by leave of this Court.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. The Court views the complaint in a light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), assumes the plaintiff's factual allegations are true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determines whether the plaintiff has pleaded "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though admittedly "this standard [. . .] is quite liberal," *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999), a well-pleaded complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that merely offers 'labels and conclusions,'" "'a formulaic recitation of the elements,'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is insufficiently pled as a matter of law. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

### III. LAW AND ANALYSIS

#### A. Motion to dismiss

To prevail on an interference claim under the FMLA, a plaintiff must establish that (1) he is an eligible employee; (2) the defendant is an employer; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of his intention to take leave; and (5) the employer denied FMLA leave to which the employee was entitled. *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003) (citing *Price v. Multnomah Cty.*, 132 F. Supp. 2d 1290, 1297 (D. Or. 2001)). APS argues that Mishak has not pled sufficient facts that, if true, tend to show (1) that he is an eligible employee or (2) that he was entitled to FMLA leave. APS's position is well taken on both counts.

An "eligible employee" is an employee who has been employed for at least twelve months and has worked at least 1,250 hours during the previous twelve-month period. 29 U.S.C. § 2611(2)(A). Without providing any specifics, Mishak pleads that he "worked the requisite number of hours." (Compl. ¶ 10.) Mishak's statement is a bare legal conclusion that is insufficient as a matter of law to state a claim for relief. *See Redhead v. Conf. of Seventh-Day Adventists*, 440 F. Supp. 2d 211, 224 (E.D.N.Y. 2006) (dismissing FMLA claim because "plaintiff did not allege that she worked 'at least 1,250 hours of service with such employer during the previous 12-month period' as required under 29 U.S.C. § 2611(2)(A)"); *Ingrassia v. Cty. of Sullivan*, 262 F. Supp. 2d 116, 119-20 (S.D.N.Y. 2003) (plaintiff's failure to plead that she worked 1,250 hours for the twelve months preceding when she sought FMLA leave did not sufficiently plead that she was an eligible employee); *Spurlock v. NYNEX*, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996) (plaintiff's assertion "that he is eligible without stating any facts that

relate to the definition of an eligible employee" was not sufficient to state a claim under FMLA); *but see Fletcher v. Tidewater Builders Ass'n Inc.*, 216 F.R.D. 584, 591 (E.D. Va. 2003).

Meanwhile, an employee is entitled to FMLA leave for one or more of the following: (1) birth of a child; (2) adoption or foster care of a child; (3) care for a spouse, child, or parent that has a serious health condition; (4) a serious health condition that renders the employee unable to perform the functions of his position; or (5) any qualifying exigency due to a spouse, child, or parent being called for active duty. 29 U.S.C. § 2612(a)(1). A "serious health condition" is "an illness, injury, impairment, or physical or mental condition that involves [. . .] inpatient care in a hospital, hospice, or residential medical care facility; or [. . .] continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Though Mishak stated that he "was eligible to receive FMLA leave" (Compl. ¶ 13), he never offers any facts indicating why he was eligible. Mishak's unsupported legal conclusion of eligibility for FMLA leave does not state a claim for relief. *See, e.g.*, *Mezu v. Dolan*, 75 F. App'x 910, 913 (4th Cir. 2003) (affirming dismissal of FMLA claim because plaintiff's "complaint allege[d] no facts constituting a substantive violation of the FMLA"). Indeed, this Court recently held that a plaintiff who pled that she had "serious medical conditions"—a more specific allegation than that in Mishak's complaint—did not satisfy Rule 8's pleading requirements because she did not provide any facts identifying what her conditions allegedly were. *Dhillon v. Cleveland Clinic Found.*, 2009 WL 901870, at *4 (N.D. Ohio Mar. 31, 2009); *see also Boyce v. New York City Mission Soc.*, 963 F. Supp. 290, 298 (S.D.N.Y. 1997) (plaintiff did not sufficiently plead eligibility for FMLA leave where she did not "specify what 'serious health condition' rendered her unable to continue working" or "whether she ever received inpatient care or is continuing to receive treatment by a health care provider").

For these reasons, the Court holds that Mishak has not stated a claim for relief under the FMLA.

**B. Amending the complaint**

Mishak argues, in the alternative, that he should have the opportunity to amend his complaint, whereas APS argues that dismissal with prejudice is appropriate. In determining which remedy is more appropriate, the Court must "be sensitive to the problems faced by *pro se* litigants and innovative in [its] responses to them." *Ruiz v. Shelby Cty. Sheriff's Dep't*, 725 F.2d 388, 393 (6th Cir. 1984) (citation omitted).

Because cases "should, as far as possible, be determined on their merits and not on technicalities," *Cooper v. Am. Employers' Ins. Co.,* 296 F.2d 303, 306 (6th Cir. 1961), leave to amend should "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "'[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (quoting *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)). The court should only deny leave to amend if there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or futility. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

There is no evidence that Mishak has engaged in dilatory or bad faith tactics. Further, the Court cannot say with any certainty that amendment would be futile.[1] Under these

---

[1] Though APS suggests that amendment would be futile because Mishak did not show that an amendment would cure the defect in the complaint, federal law does not require such a showing. *See Reddinger v. Hosp. Central Servs., Inc.*, 4 F. Supp. 2d 405, 411 (E.D. Pa. 1998) ("in keeping with the policy of the federal rules to determine actions on their merits wherever possible," the court allowed plaintiff to amend her complaint because "it is not clear to this Court on the record now before us that [she] will not be able to state a cause of action under the foregoing acts if she is given leave to re-plead"). In any event, the Court is hesitant to dismiss with prejudice a *pro se* complaint without any certainty as to whether amendment would indeed be futile.

circumstances, courts have generally given leave to amend a defective complaint. *See Tate v. Farmland Inds., Inc.*, 268 F.3d 989, 996 (10th Cir. 2001) (reversing dismissal of plaintiff's FMLA claim, in which plaintiff did not allege that he had worked at least 1,250 hours during the last year of employment, because "[s]uch failure [. . .] is a technical defect easily cured by amendment"); *Redhead*, 440 F. Supp. 2d at 224 (dismissing plaintiff's FMLA claim but, in the interests of justice, allowing plaintiff to replead the FMLA claim); *Ingrassia*, 262 F. Supp. 2d at 120; *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 400 (E.D. Pa. 2002); *Reddinger v. Hosp. Central Servs., Inc.*, 4 F. Supp. 2d 405, 411 (E.D. Pa. 1998).

Therefore, while the Court finds that APS's motion is well-taken, in the interests of justice, this Court shall permit Mishak an opportunity to cure the deficiencies in his original complaint by granting him leave to file an amended complaint on or before August 14, 2009.

## IV. CONCLUSION

For the foregoing reasons, APS's motion to dismiss the complaint (Doc. No. 8) is **GRANTED**. Pursuant to Mishak's request, the Court grants him leave to file an amended complaint. Such amended complaint shall be filed on or before August 14, 2009. If an amended complaint is not filed on or before that date, the Court will enter a Rule 54 final judgment. Until final judgment is entered, this order is not appealable.

**IT IS SO ORDERED**.

Dated: July 28, 2009

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**